IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                   CRIMINAL NO. 4:04CR68-D

DEXTER CONROD

OPINION DENYING MOTION TO SUPPRESS

On November 3, 2005, the Court heard testimony and oral argument in the above styled case addressing the Defendant Dexter Conrod's motion to suppress. Upon due consideration, the Court finds that the motion should be denied.

*A. Factual Summary*

On May 30, 2002, Mississippi law enforcement agents stopped the Defendant while he was driving his vehicle in Greenville, Mississippi. During the stop, which the government contends was a permissible Terry investigatory stop, verbal consent was obtained from the Defendant to search the vehicle. During the search, $5,500 in cash was discovered and seized. The Defendant has now moved to suppress admission of this evidence at trial, challenging both the stop and the subsequent search.

*B. Standard of Review*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. When, as the case is here, a warrantless search or seizure is challenged, the government bears the burden of establishing its validity by a preponderance of the evidence. U.S. v. Matlock, 415 U.S. 164, 178 n.14, 94 S.Ct. 988, 996, 39 L. Ed. 2d 242 (1974) (the burden of proof at suppression hearing should be no greater than proof by a preponderance of the evidence); U.S. v. Wallen, 388 F.3d 161, 164 (5th Cir. 2004) (warrantless searches are presumptively unreasonable).

*C. Discussion*

1. Investigatory Stops

The Fourth Amendment's prohibition against unreasonable searches and seizures applies to police conduct that falls short of a full blown arrest, including brief investigatory stops. Terry v. Ohio, 393 U.S. 1, 14, 88 S.Ct. 1868, 1876, 20 L. Ed. 2d 889 (1968). Investigatory stops of vehicles must be supported by reasonable articulable suspicion of criminal activity or a traffic violation in order to withstand constitutional scrutiny. U.S. v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L. Ed. 2d 621 (1981). The officer must be able "to articulate something more than inchoate and unparticularized suspicion or hunch." U.S. v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989). The level of suspicion required for a Terry stop is less demanding than that required to demonstrate the existence of probable cause. Id. at 7. When evaluating the validity of an investigatory stop such as this the Court must consider "the totality of the circumstances – the whole picture." Cortez, 449 U.S. at 417.

The Fifth Circuit has promulgated a two-tiered standard for the reasonable suspicion inquiry: "(1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." U.S. v. Grant, 349 F.3d 192, 196 (5th Cir. 2003). A precise definition of reasonable suspicion is not subject to a formal or neat set of rules. Sokolow, 490 U.S. at 7. No single fact is determinative; rather, reasonable suspicion is determined by a fact intensive analysis requiring the court to review all the circumstances collectively. U.S. v. Neufeld-Neufeld, 338 F.3d 374, 379 (5th Cir. 2003).

Pertinent to the Court's analysis is the officer's knowledge, expertise and experience. U.S. v. Brignoni- Ponce, 422 U.S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975); U.S. v. Sutton, 636 F.2d 96, 99 (5th Cir. 1981). Additionally, officers may develop an objective belief that criminal activity

is afoot from reliable information received from a reliable informant. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L. Ed. 2d 612 (1972); U.S. v. Hopes, 286 F.3d 788 (5th Cir. 2002). A law enforcement officer with the requisite level of suspicion is entitled to "stop" a suspect for a reasonable period of time in order to verify or dispel his suspicions. Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L. Ed. 2d 229 (1983).

In accordance with the above-denoted authority, in order for the court to uphold the stop of the Defendant's vehicle and not suppress the evidence obtained therefrom, the agents must have possessed some reasonable articulable suspicion that criminal activity was afoot. Based on all the facts and considering the totality of the circumstances, the court finds that the agents did possess the requisite level of suspicion to justify an investigatory stop of the Defendant's vehicle. The MBN agents who were involved in stopping the Defendant had received information from a series of intercepted phone calls (the intercepts were state-authorized) that the Defendant was traveling to Greenville for a meeting with an individual linked to the drug trade. The agents, who had been conducting surveillance at the meeting location, then observed the Defendant meeting with the individual. Upon the Defendant's departure from the meeting, the agents followed the Defendant and radioed for a marked Mississippi Highway Patrol unit to pull the Defendant over. The Mississippi Highway Patrol officer who pulled the Defendant over was aware that MBN agents had reasonable articulable suspicion that the Defendant was involved in criminal activity. The officers stopped the Defendant and obtained consent from him to search the vehicle he was driving. During the search, $5,500 in cash was found and seized.

The court finds that the wiretap information the agents received, when combined with their observation of the meeting between the Defendant and the drug-trade linked individual, constitutes reasonable articulable suspicion that criminal activity had taken place and that the Defendant was

involved in it. Thus, the court finds that the agents were entitled to stop the Defendant's vehicle for a reasonable period of time for a reasonable investigation pursuant to Terry. The Defendant's assertion that the stop was impermissible under the Fourth Amendment is without merit.

## 2. Search of the Vehicle

Because the court has found that the agents' stop of the Defendant's vehicle was permissible under Terry, the fact that the Defendant provided consent for the agents to search the vehicle obviates the need for probable cause or a search warrant. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L. Ed. 2d 854 (1973); United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003). Outside of arguing that the stop itself was illegal, the Defendant does not aver that his consent to search the vehicle was otherwise invalid. At the November 3, 2005, hearing, the Defendant did not dispute that he gave consent for the search. Thus, the court finds that the search of the vehicle was permissible.

Consistent with the forgoing discussion, the Court concludes that the initial investigatory stop of the Defendant's vehicle was supported by reasonable articulable suspicion that the Defendant was involved in criminal activity. The related search of the Defendant's vehicle was conducted pursuant to his valid consent. Thus, the Defendant's motion to suppress evidence is denied.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of November 2005.

/s/ Glen H. Davidson
Chief Judge